IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>15 Mountain View Road<br>Warren, NJ 07061,<br><br>    Plaintiff,<br><br>v.<br><br>FSS AUTOMATIC SPRINKLER<br>P.O. Box 3116<br>Plymouth, MA 02361.<br>    Defendant. | Civil Action No. 05-10308WGY |

## ANSWER OF THE DEFENDANT, FSS AUTOMATIC SPRINKLER CO., INC., MISNAMED AS FSS AUTOMATIC SPRINKLER, TO THE COMPLAINT OF THE PLAINTIFF, FEDERAL INSURANCE COMPANY

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the plaintiff's complaint.

2. The defendant admits that its mailing address is P.O. Box 3116, Plymouth, MA 02361. The defendant denies the remaining allegations set forth in Paragraph 2 of the plaintiff's complaint.

3. Paragraph 3 of the plaintiff's complaint constitutes a legal conclusion to which no response is required. To the extent that a response is required, the defendant denies the allegations set forth in Paragraph 3 of the plaintiff's complaint.

4. Paragraph 4 of the plaintiff's complaint constitutes a legal conclusion to which no response is required. To the extent that a response is required, the defendant denies the allegations set forth in Paragraph 4 of the plaintiff's complaint.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the plaintiff's complaint.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the plaintiff's complaint.

7.  The defendant admits that it has performed maintenance on the fire protection system at the Subject Property. The defendant denies the remaining allegations set forth in Paragraph 7 of the plaintiff's complaint.

8.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the plaintiff's complaint.

9.  The defendant admits that it replaced sprinkler heads at the Subject Property in or about January, 2003. The defendant denies the remaining allegations set forth in paragraph 9 of the plaintiff's complaint.

10. The defendant denies the allegations set forth in Paragraph 10 of the plaintiff's complaint.

11. The defendant denies the allegations set forth in Paragraph 11 of the plaintiff's complaint.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the plaintiff's complaint.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the plaintiff's complaint.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the plaintiff's complaint.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the plaintiff's complaint.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the plaintiff's complaint.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the plaintiff's complaint.

18. Paragraph 18 of the plaintiff's complaint constitutes a legal conclusion to which no response is required. To the extent that a response is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the plaintiff's complaint.

19. The defendant restates its responses to Paragraphs 1 through 18 of the plaintiff's complaint as if expressly stated herein.

20. The defendant denies the allegations set forth in Paragraph 20, and all subparts thereto, of the plaintiff's complaint.

WHEREFORE, the defendant denies that the plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation not specifically admitted to above, the defendant, FSS Automatic Sprinkler Co., Inc., for its affirmative defenses, states as follows:

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the negligence of the plaintiff and/or the plaintiff's subrogor was greater than the alleged negligence of the defendant and that such negligence of the plaintiff and/or the plaintiff's subrogor contributed to the alleged damages and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff and/or the plaintiff's subrogor was comparatively negligent and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff and/or the plaintiff's subrogor in accordance with M.G.L. c. 231, §85.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff and/or the plaintiff's subrogor failed to mitigate any damages that it may have incurred.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim is barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's Complaint fails to state a cause of action for which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff suffered damages as alleged in the plaintiff's Complaint, which the defendant expressly denies, then

the damages were caused by a third person(s) over whom the defendant had no control, and for whom the defendant is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff suffered injuries as alleged, the same were the result of superseding intervening causes, for which the defendant is in no way liable.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's complaint should be dismissed due to misnomer of a party.

### THE DEFENDANT DEMANDS A TRIAL BY JURY.

The Defendant,
FSS AUTOMATIC SPRINKLER CO., INC.,
By its attorneys,

_____
Jennifer Ellis Burke
B.B.O. # 554632
Andrew R. Weiner
B.B.O. # 655170
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street, 5th Floor
Boston, MA  02110
Tel. (617) 654-8200
FAX (617) 482-5350

4